**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FURNELL SEVERIN, JR.**                                  **CIVIL ACTION**

**VERSUS**                                                **NO. 07-1541**

**BURL CAIN, WARDEN**                                     **SECTION: "B"(4)**

## ORDER AND REASONS

Furnell Severin's ("Petitioner") *pro se* petition for Habeas Corpus relief under 28 U.S.C. § 2254, Rec. Doc. No. 3, is being **DENIED**.[1] The Magistrate Judge's Report and Recommendation, Rec. Doc. No. 15, is hereby adopted as the opinion of the court, overruling petitioner's objections to same, Rec. Doc. No. 16.

Following jury trial, Severin was found guilty for committing the second degree murder of Stanley Norman and the attempted second degree murder of Terrence Jones. On November 21, 2003, the trial court sentenced him to life imprisonment without benefit of parole, probation, or suspension of sentence for second degree murder. The court later sentenced him on January 8, 2004, to serve 50 years without benefit of parole, probation, or suspension of sentence, for attempted second degree murder. The State entered a *nolle prosequi* as to the third count, the attempted second degree murder of Chaz Adams.

---

[1] We are grateful for the work on this case by Jennifer F. Gordon, a Loyola Law School extern with our chambers.

On appeal, Severin's counsel argued that the evidence was insufficient to support the verdict because the State failed to prove specific intent or that Severin fired the fatal shots. On September 28, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction finding no merit to the claim.

On October 19, 2004, Severin submitted *pro se* a timely writ application, which was filed by the Louisiana Supreme Court on November 15, 2004, seeking review of the sufficiency of the evidence claim. The Louisiana Supreme Court denied the writ application without reasons on March 11, 2005.

On March 9, 2006, Severin's retained counsel filed a Petition for Post Conviction Relief alleging that the evidence was insufficient to support the verdict because the State failed to prove specific intent. The trial court denied relief finding that the petition was repetitive of the claim raised on direct appeal.

Severin, acting *pro se*, sought review of this order with the Louisiana Fifth Circuit. The court denied the application on May 1, 2006, finding no error in the Trial Court's ruling.

On May 24, 2006, Severin's counsel filed a writ application with the Louisiana Supreme Court raising three grounds for relief: (1) insufficient evidence; (2) the Trial Court failed to instruct the jury on adverse inferences to be drawn from uncalled witnesses; and (3) the ends of justice warranted a new trial. On

May 18, 2006, Severin submitted *pro se* a writ application to the Louisiana Supreme Court, which was filed on June 14, 2006. In separate orders issued on March 9, 2007, the Louisiana Supreme Court denied both applications without reasons.

On May 2, 2007, the instant petition for federal habeas corpus relief was filed timely. The State filed a response in opposition to the petition. Severin later filed a traverse to the State's opposition reiterating his argument that he is entitled to relief, alleging absence of specific intent to commit the crimes at issue.

The standard for determining sufficiency of evidence claims requires the court to determine whether, after examining the entire record and evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gilley v. Collins*, 968 F.2d 465, 467 (5th Cir. 1992); *Guzman v. Lensing*, 934 F.2d 80, 82 (5th Cir. 1991). This court should defer to the state court's decision, unless the decision was contrary to or involved unreasonable application of the *Jackson* standard.

Under Louisiana law, second degree murder is defined as "the killing of a human being: When the offender has a specific intent to kill or to inflict great bodily harm." LA. REV. STAT. ANN. § 14:30.1 (2009). To convict someone of attempted second

degree murder, the State must prove that the defendant had a specific intent to kill or inflict great bodily harm and did an act for the purpose of and tending directly toward the accomplishment of murder. LA. REV. STAT. ANN. § 14:27(A) (2008).

Specific intent is an essential element of second degree murder. In Louisiana, specific intent is defined as the state of mind in which a person "actively desired the prescribed criminal consequences to follow his act or failure to act." LA. REV. STAT. ANN. § 14:10(1) (2008). In Louisiana, direct evidence is not necessary to prove intent; inferences can be drawn from the defendant's actions or fact surrounding the circumstances. *State v. Henderson*, 762 So. 2d 747, 751 (La. Ct. App.2000).

Throughout the trial, the jury heard testimony from several of the prosecution's witnesses, which, considered in a light most favorable to the prosecution, establishes that Severin intended to kill or cause great bodily injury and his shots were the ones that killed Norman and injured Jones. There was testimony from Ashley Washington, who watched Severin open fire on Norman and his friends. Also, Jones testified about the fight in the bar, which initiated the shooting incident. Jones testified that Severin was running towards him and firing shots in his direction. Police saw Severin fire into a crowd and get into his car to flee the scene. After the shooting, police pursued Severin and his passengers in a high speed car chase. One of the

arresting officers testified that, after receiving the *Miranda* warnings, Severin told officers he was involved in a bar fight and that he shot the victim. Based on the record evidence, a rational jury had sufficient evidence to find that petitioner had the intent to kill or cause great bodily injury to the named victims and others.

The state courts' denial of relief on this claim was not contrary to or an unreasonable application of federal law. Severin is not entitled to relief on this claim.

Accordingly, the instant petition is **DENIED**.

New Orleans, Louisiana, this 28th day of June 2010.

UNITED STATES DISTRICT JUDGE